UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LILLIE REA AND** | **CIVIL ACTION** |
| **HILDA WIRATUNGA** | |
| **VERSUS** | **NO. 12-1252** |
| **WISCONSIN COACH LINES, INC.,** | |
| **ET AL** | **SECTION "K"(3)** |

## ORDER AND REASONS

Before the Court is a Motion for Partial Summary Judgment (R. Doc. 114) filed by Plaintiff, Lillie Rae, seeking summary judgment as to the issue of liability against Defendants, Larry Westphal, Wisconsin Coach Lines, Inc., and Coach Leasing, Inc. ("Defendants"). Having reviewed the pleadings, memoranda, record, and relevant law, the Court, for the reasons assigned, denies the motion.

## I.     BACKGROUND

This action arises from an automobile accident between an automobile driven by Plaintiff Lillie Rae and a tour bus driven by Defendant Larry Westphal, an employee of Wisconsin Coach Lines, Inc., on March 29, 2011 in New Orleans, Louisiana. On that day, as both vehicles were navigating the intersection of North Peters Street and Canal Street, the tour bus and the Plaintiff's vehicle collided. The parties offer varying accounts of the actual collision. Plaintiff contends that, after stopping at the intersection, Westphal proceeded to make an illegal right turn onto Canal Street from the "left or center lane"[1] of travel, causing his bus to collide with her vehicle located in the right lane. (Pl. Mem. Supp. Mot. Partial Summ. J. 3, R. Doc. 114). Specifically, Plaintiff argues that Westphal was in breach of the standard of care set forth in

---

[1] The Court notes that while Defendants state the Plaintiff maintains that there were three (not two) lanes of travel, Plaintiff's memorandum does not make clear whether the Plaintiff asserts that the street was comprised of three lanes. Plaintiff's deposition testimony and the testimony of her passenger indicate that they may not support the fact that there were three lanes of travel and that Westphal turned from the "center" lane.

1

Louisiana Revised Statutes 32:104(1)(A), stating that no person shall turn at an intersection unless the vehicle is in the proper position on the roadway, because Westphal's alleged turn did not comply with Louisiana Revised Statutes section 32:101, which requires both the approach and execution of a right turn to be "made as close as practicable to the right hand curb or edge fo the roadway." Plaintiff thus asserts that Westphal is solely at fault and seeks summary judgment on that issue of liability. (Pl. Mem. 2). In support, Plaintiff offers the testimony of Lillie Rae and her passenger and grandmother, Hilda Wiratunga, and points to the fact that Westphal was cited by the City of New Orleans for Failure to Use Reasonable Vigilence and pled guilty to the violation in New Orleans Traffic Court. (Pl. Mem., Exhibits A, C, and D). In opposition, Defendants contend that summary judgment on the issue of liability must be denied as a genuine issue of material fact exists as to the comparative fault of the Plaintiff and the general facts and circumstances surrounding the collision.

## II.  LEGAL STANDARD

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "A genuine issue of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Pylant v. Hartford Life and Accident Insurance* Company, 497 F.3d 536, 538 (5th Cir. 2007) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). Summary judgment evidence must be "viewed in the light most favorable to the nonmovant, with all factual inferences made in the nonmovant's favor." *Bazan ex rel Bazan v. Hildago County,* 246 F.3d 481, 489 (5th Cir.2001) (citing *Anderson v. Liberty Lobby, Inc.,* 477

2

U.S. at 255, 106 S.Ct. at 2513). When drawing all reasonable inferences in favor of the nonmoving party, however, the court "may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc*., 530 U.S. 133, 150, 120 S. Ct. 2097, 2110, 147 L. Ed. 2d 105 (2000). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Id.*

The party moving for summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Stults v. Conoco,* 76 F.3d 651 (5th Cir.1996) (citing *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 912–13 (5th Cir. 1992)). If the nonmoving party would bear the burden of proof on a claim at trial, the moving party need not negate the elements of that claim, but must only "point out the absence of evidence supporting the nonmoving party's case." *Brown v. Trinity Catering, Inc.* 2007 WL 4365384 (E.D.La. Dec. 11, 2007) (citing *Stults,* 76 F.3d at 656).

When the moving party has carried its burden under Rule 56, the non-moving party then bears the burden of establishing the existence of a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1355-56, 89 L.Ed.2d 538 (1986). The opponent must do more than simply show that there is some metaphysical doubt as to the material facts: the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Id.* at 588; *Tubacex, Inc. v. M/V Risan,* 45 F.3d 951, 954 (5th Cir.1995). As the Fifth Circuit has explained:

> [c]onclusory statements, speculation, and unsubstantiated assertions cannot defeat a motion for summary judgment. The Court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim.

*RSR Corporation v. International Insurance Company,* 612 F. 3rd 851, 857 (5th Cir. 2010).

**III.    DISCUSSION**

As it is undisputed that jurisdiction in this matter is based upon diversity, the Court will apply Louisiana law regarding delictual liability.  *See Erie R. Co. v. Thompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed.1188 (1938).  Under Louisiana law "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."  La. Civ. Code art. 2315. Additionally, Louisiana has adopted a comparative fault scheme.  Louisiana Civil Code Article 2323 specifically provides, in pertinent part, that "[i]n any action for damages where a person suffers injury, death, or loss, the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined."

In a negligence action, Louisiana applies its traditional duty/risk analysis for liability, requiring a plaintiff prove five distinct elements: (1) the defendant had a duty to conduct themselves according to a specific standard of care; (2) the defendant's conduct breached the applicable standard of care; (3) the defendant's breach of the standard of care was the cause-in-fact of the plaintiff's injuries; (4) the defendant's breach of the duty of care was the legal cause of the plaintiff's injuries; and (5) actual damages.  *Pepper v. Triplet*, 2003-0619 (La. 1/21/04); 864 So. 2d 181, 199.  The breach of a statutory duty where the relevant statute sets forth the applicable standard of care may be used to establish liability in a negligence suit, but such a breach does "not automatically create liability." *Knockum v. Amoco Oil Co.*, 402 So.2d 90, 100 (La. 1980).  "Louisiana has no negligence per se doctrine[; t]herefore, a statutory violation must be determined as a legal cause of the accident," and "the finding of a violation of a statute is only the beginning of a duty-risk analysis." *Bellsouth Telecommunications, Inc. v. Eustis Eng'g Co.,* 2007-0865 (La. App. 4 Cir. 12/19/07), 974 So. 2d 749, 752 (citations omitted).

4

The Louisiana legislature enacted the Louisiana Highway Regulatory Act, La. R.S. 32:1 *et seq.*, which regulates the use of motor vehicles on public highways.  Louisiana law provides that the duty of care for a lead vehicle driving on a roadway traffic lanes is as follows: "[a] vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety." La. R.S. 32:79(1); *see Langhoff v. United States,* 805 F. Supp. 2d 272, 276 (E.D. La. 2011). Additionally, La. R.S. 32:104(A) provides that "[n]o person shall turn a vehicle at any intersection unless the vehicle is in proper position upon the roadway as required in R.S. 32:101, or turn a vehicle to enter a private road or driveway, or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety."  Louisiana Revised Statutes 32:101 provides the correct position for motorists taking a right turn at an intersection: "the approach for a right turn and a right turn shall be made as close as practicable to the right-hand curb or edge of the roadway."  Louisiana jurisprudence also imposes a duty upon the driver to "see what he should have seen," stating the following: "[t]he jurisprudence provides, '[i]f a motorist fails to see what he should have seen, the law charges him with having seen what he should have seen, and the court examines his subsequent conduct on the premise that he did not see what he should have seen." *Fontenot v. Patterson Ins.,* 2009-0669 (La. 10/20/09); 23 So. 3d 259, 269.

Under Louisiana law, a motion for partial summary judgment on the determination of tort liability includes a determination of comparative fault.  *Williams v. City of New Orleans,* 93-2043 (La. App. 4 Cir. 5/17/94), 637 So.2d 1130, 1132; *see also Rance v. Harrison Co.,* 31,503 (La. App. 2 Cir. 1/20/99), 737 So. 2d 806, 810 *writ denied*, 99-0778 (La. 4/30/99), 743 So. 2d

206 ("[T]he granting of summary judgment as to liability must dispose of all liability issues, including contributory or comparative negligence."). Further, the determination of comparative fault under Louisiana Civil Code article 2323 is a factual determination. *Clement v. Frey*, 95-1119, 95-1163, p. 7 (La. 1/16/96), 666 So.2d 607, 610. "Ordinarily, the determination of whether negligence exists in a particular case is a question of fact; therefore, cases involving a question of negligence ordinarily are not appropriate for summary judgment. This principle extends to a question of comparative fault as well." *Lewis v. Pine Belt Multipurpose Cmty. Action Acquisition Agency, Inc.*, 48,880 (La. App. 2 Cir. 5/7/14), 139 So. 3d 562, 569 *writ denied* 2014-0988 (La. 8/25/14) and 2014-1190 (La. 8/25/14) (citations omitted); *see also Pruitt v. Nale,* 45,483 (La.App. 2 Cir. 8/11/10), 46 So.3d 780, 783; *but see Rance v. Harrison Co., Inc.,* 31,503 (La.App. 2 Cir. 1/20/99), 737 So.2d 806, 810 ("Where reasonable minds cannot differ, the question of contributory or comparative negligence is a question of law that may be resolved by summary judgment."). A partial summary judgment should not be granted "for purposes of determining a particular element of liability such as . . . the fault of one party where such a determination is not completely dispositive of the question of liability between the parties concerning that claim and where other issues such as comparative fault remain unresolved. *Williams v. City of New Orleans*, 637 So. 2d 1130, 1132 (La. Ct. App. 1994) *writ denied,* 94-1587 (La. 10/7/94), 644 So. 2d 632. Thus, Plaintiff is entitled to summary judgment on liability only if the Defendants are solely at fault in the accident. *See Livas v. Ace Am. Ins. Co.,* 2013 WL 3364359 (E.D. La. July 3, 2013); *see also Benoit v. Westport Ins. Corp.,* 2008 WL 2951215, at *2 (W.D.La. July 29, 2008).

Because Plaintiff is entitled to summary judgment only if the Defendants are solely at fault, the Court's analysis will focus on whether the Defendants have offered competent

6

summary judgment evidence sufficient to show a genuine issue of material fact as to the comparative fault of the Plaintiff. In contrast to the Plaintiff's account of the accident, Defendant contends that Westphal's tour bus was stopped approximately fifty feet from the corner in the right lane of travel when the plaintiff attempted to pass Westphal by entering a parking lane to Westphal's right and struck the front tire of the bus. (Def. Mem. Opp. 2, R. Doc. 118). Defendant cites to Louisiana Revised Statutes 32:74 and New Orleans Municipal Traffic Code section 154-374, which state that the "driver of a vehicle may overtake and pass another vehicle upon the right only under conditions permitting such movement in safety." Further, Defendants state that New Orleans Municipal Traffic Code ordinance section 154-379 restricts travel through parking lanes except for the purpose of stopping or parking or for making a turn "within fifty feet from the intersection where the turn is to be made." Accordingly, Defendants assert that Plaintiff is in violation of these rules.

In support, Defendants offer the testimonies of Westphal and other witnesses. Westphal also contests Plaintiff's statement that Westphal "erroneously believed that he was in the right lane," arguing that Westphal actually testified that his bus occupied the right lane of travel, while the lane to his right was a parking lane. Westphal Dep. 50:3-8. Depositions from Westphal and other witnesses indicate that there only appear to be two lanes of travel at that intersection while Plaintiff traveled in what appeared to be a parking lane. *See* Westphal Dep. 34:6-35:7; 49:2-508; Jacquelyn McGill Dep. 17:14-18:24; W.J. McGill Dep. 21:4-10; Ott Dep. 25:8-26:4. Statements from Westphal also indicate that the bus was stoped more than fifty feet from the intersection at the time of the accident, placing the Plaintiff's vehicle in the right lane to the right of the bus more than fifty feet from the intersection. *See* Westphal Dep. 33:1-35:13; 113-15-25.

Westphal's version of the facts differs substantively from the Plaintiff's description of the facts.  Upon review of the testimony submitted by the Plaintiff and the Defendants, it is apparent that outstanding factual issues remain as to (i) the existence of a "parking" lane on North Peters Street; (ii) the movement of the vehicles as they proceeded through the intersection (whether stopped or in motion); and (iii) the exact position of the vehicles at the time of the collision (turning or stationary).  Ultimately, the credibility of the witnesses to the accident and the parties' testimony will play a critical role in determining the liability question in this matter.  However, in reviewing the evidence on summary judgment the Court may not make any credibility determinations or weigh any evidence.  *Moore v. Willis Independent School District,* 233 F.3d 871, 874 (5th Cir.2000).  Construing the evidence in the light most favorable to the Defendants, the Defendants' evidence raises enough factual issues to undermine any complete determination of liability as the Plaintiff may be ascribed some fault and raises genuine issues of material fact as to the Plaintiff's comparative fault.

Accordingly,

**IT IS ORDERED** that the Plaintiff's Motion for Partial Summary Judgment (R. Doc. 114) is **DENIED**.

New Orleans, Louisiana, this  7th   day of     October     , 2014.

_____
**STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE**