UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LILLIE REA AND HILDA WIRATUNGA** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-1252** |
| **WISCONSIN COACH LINES, INC., ET AL** | **SECTION "K"(3)** |

## ORDER AND REASONS

Before the Court is a Partial Motion for Summary Judgment to Dismiss Plaintiff's Lost Wage Claims filed by Defendants, Larry Westphal, Wisconsin Coach Lines, Inc., and Coach Leasing, Inc. (R. Doc. 104). Having reviewed the pleadings, memoranda, record, and relevant law, the Court, for the reasons assigned, denies the motion.

**I.  BACKGROUND**

Plaintiff, Lillie Rae, was involved in an automobile accident with the Defendants, on March 29, 2011, in New Orleans, Louisiana. As a result of the accident, the Plaintiff alleges that she sustained serious physical injuries that, at thirty-years old, that would impair her ability to work for the duration of her life. Thus, Plaintiff seeks compensation for injuries and medical expenses as well as lost wages and any other damages allowed under Louisiana law. (Def. Mem. Supp. Mot. Partial Summ. J. Ex. 1, 3, R. Doc. 104-1).[1]

In their motion for partial summary judgment, Defendants aver that Plaintiff will not be able to present sufficient evidence for her future lost wages or loss of earning capacity claim. Plaintiff's family owns and operates Peaches Records in New Orleans, Louisiana, with which Plaintiff is employed. However, the Defendants note that the Plaintiff does not receive a regular

---

[1] As noted in Defendants' motion, Plaintiff has withdrawn her claim for "past or present" lost wages. However, Plaintiff maintains that she is entitled to lost *future* wages or loss of earning capacity—Louisiana courts use these phrases interchangeably.

salary and only receives payment when the business is profitable.  Defendants note also that Plaintiff testified that she has not filed tax returns for the past five years.  Rea Dep., 23, Ex 2., R. Doc. 104.  Deposition testimony from her mother, her employer, and her brother, who also works for the family business, allegedly "defeats" the Plaintiff's claim in that they testified that the Plaintiff works from around 11:00 a.m. or noon to 8:00 p.m., representing nearly a 40 hour work week. Defendants also contend that Plaintiff's experts do not provide support for the claim: Nancy Favaloro, Plaintiff's vocational rehabilitation expert, testified only to a sampling of jobs Plaintiff could be able to hold if Plaintiff were working 40-hour work week and did not testify as to loss of earning capacity in her supplemental reports.  Further, the Defendant states that Plaintiff's economist has not rendered a report estimating an amount of damages based on lost earning capacity and that the time for amending Plaintiff's expert reports has passed. Thus, no new evidence on this issue will be presented.  Having no other evidence in support of the claim, Defendants argue that summary judgment is warranted on this claim.

Plaintiff contends that Ms. Favaloro's addendum to the report, dated January 8, 2014, supports the loss earning capacity claim by noting that if the Plaintiff's pain increased to the point where her doctor recommended she not return to work, "then she would not have any earning capacity in the future." (Pl. Mem. Opp. 5, R. Doc. 123). Plaintiff offers her own testimony as well as deposition testimony of the Plaintiff's mother and brother in support of the fact that the Plaintiff often cannot work full-time and works far fewer hours because of the pain from her injury.  *Id.* at 6-7.  Ultimately, Plaintiff asserts that based on this evidence and further evidence to be presented at trial, a jury could conclude that the Plaintiff has suffered a loss in earning capacity.  *Id.* at 10.

## II.     LEGAL STANDARD

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "A genuine issue of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Pylant v. Hartford Life and Accident Insurance* Company, 497 F.3d 536, 538 (5th Cir.2007) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). Summary judgment evidence must be "viewed in the light most favorable to the nonmovant, with all factual inferences made in the nonmovant's favor." *Bazan ex rel Bazan v. Hildago County,* 246 F.3d 481, 489 (5th Cir.2001) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 255, 106 S.Ct. at 2513). When drawing all reasonable inferences in favor of the nonmoving party, however, the court "may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc*., 530 U.S. 133, 150, 120 S. Ct. 2097, 2110, 147 L. Ed. 2d 105 (2000). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Id.*

The party moving for summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Stults v. Conoco,* 76 F.3d 651 (5th Cir.1996) (citing *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 912–13 (5th Cir. 1992)). If the nonmoving party would bear the burden of proof on a claim at trial, the moving party need not negate the elements of that claim, but must only "point out the absence of evidence supporting the nonmoving party's case." *Brown v. Trinity Catering, Inc.* 2007 WL 4365384 (E.D.La. Dec. 11, 2007) (citing *Stults,* 76 F.3d at 656).

When the moving party has carried its burden under Rule 56, the non-moving party then bears the burden of establishing the existence of a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1355-56, 89 L.Ed.2d 538 (1986). The opponent must do more than simply show that there is some metaphysical doubt as to the material facts: the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Id.* at 588; *Tubacex, Inc. v. M/V Risan,* 45 F.3d 951, 954 (5th Cir.1995). As the Fifth Circuit has explained:

> [c]onclusory statements, speculation, and unsubstantiated assertions cannot defeat a motion for summary judgment. The Court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim.

*RSR Corporation v. International Insurance Company,* 612 F. 3rd 851, 857 (5th Cir. 2010).

### III.   DISCUSSION

Louisiana law does not base the loss of earning capacity on actual loss but defines the loss of earning capacity in the following manner:

> A loss of future income award is not predicated merely upon the difference between a plaintiff's *earnings* before and after a disabling injury, but also encompasses the loss of one's earning *potential* or capacity, that is, the loss or reduction of a person's capability to do that for which he is equipped by nature, training and experience, and for which he may receive recompense.

*Hobgood v. Aucoin*, 558 So. 2d 1285, 1292 (La. Ct. App. 1990) *writ granted*, 563 So. 2d 889 (La. 1990) *and aff'd*, 574 So. 2d 344 (La. 1990) (citing *Henry v. Nat'l Union Fire Ins. Co.*, 542 So. 2d 102, 106 (La. Ct. App. 1989) *writ denied*, 544 So. 2d 405 (La. 1989) and *writ denied*, 544 So. 2d 405 (La. 1989)); *see also Barocco v. Ennis, Inc.,* 2003 WL 1342973 (E.D.La. 2003) (Vance, J.); *Folse v. Fakouri*, 371 So. 2d 1120, 1124 (La. 1979). Thus, "[w]hat the plaintiff earned before and after the injury does not constitute the measure," and "while [the plaintiff's]

earning capacity at the time of the injury is relevant, it is not necessarily determinative of his future ability to earn." *Folse*, 371 So. 2d at 1123. A plaintiff may recover in spite of the fact that she was unemployed or never took advantage of her capacity to earn. *Id.* at 1123-24. The claim bears similarity to both claims for general and special damages in Louisiana. *See Jones v. Harris*, 2004-0965 (La. App. 4 Cir. 2/2/05), 896 So. 2d 237, 248-49.[2] Like general damage awards, awards for loss of earning capacity are "inherently speculative and intrinsically insusceptible of being calculated with mathematical certainty." *See Myers v. Burger King Corp.*, 92-0400, 93-1626, p. 14 (La.App. 4 Cir. 5/26/94), 638 So.2d 369, 379. Nevertheless, as with special damages, Louisiana courts have held that, in order to obtain an award for future loss or wages or earning capacity, "a plaintiff must present medical evidence which at least indicates there could be a residual disability causally related to the accident." *Bize v. Boyer*, 408 So. 2d 1309, 1311-12 (La. 1982); *see also Aisole v. Dean*, 574 So. 2d 1248, 1252 (La. 1991).

The Court notes that, in its review of the instant motion for summary judgment, it does not reach the issue of whether state law controls the type of evidence that is admissible to prove loss of earning capacity in this diversity case but rather will "assume that state case law has some relevance here." *See Barocco v. Ennis, Inc. of Colorado*, 2003 WL 1342973 (E.D.La. 2003) (Vance, J.). In determining whether evidence establishes that an injury has diminished a plaintiff's earning capacity, Louisiana courts consider a number of factors, including: (i) "the plaintiff's condition prior to the accident, his work record prior to and after the accident"; (ii) "his

---

[2] "Special damages are those which have a "ready market value," such that the amount of damages theoretically may be determined or calculated with relative certainty, such as medical expenses and past lost wages." *Iles v. Ogden*, 2009-0820 (La. App. 4 Cir. 2/26/10), 37 So. 3d 427, 433 (citing *Kaiser v. Hardin,* 06–2092, p. 11 (La.4/11/07), 953 So.2d 802, 810 (per curiam)). By contrast, general damages have been defined as those "which may not be fixed with any degree of pecuniary exactitude but which, instead, involve mental or physical pain or suffering, inconvenience, the loss of gratification of intellectual or physical enjoyment, or other losses of life or life-style which cannot really be measured definitively in terms of money." *McGee v. AC and S, Inc*., 05–1036, p.3-4 (La.7/10/06), 933 So.2d 770, 774).

previous earnings"; (iii) "the likelihood of his ability to earn a certain amount but for the accident"; (iv) "the amount of work life remaining"; (v) "inflation"; and (vi) "the plaintiff's employment opportunities before and after the accident." *Pierce v. Milford*, 96-92 (La. App. 3 Cir. 9/25/96), 688 So. 2d 1093, 1095. "Louisiana appellate cases are split on the issue of whether a vocational expert is necessary to establish future earning capacity," *Barocco v. Ennis Inc.,* 100 F. App'x 965, 967-68 (5th Cir. 2004), yet the Louisiana Supreme Court "has permitted awards for loss of future earning capacity both with and without the testimony of vocational and economic experts." *Id.* (citing *Degruise v. Houma Courier Newspaper Corp.,* 683 So.2d 689, 693-94 (La.1996) (permitting award for loss of future earning capacity based upon testimony of rehabilitative expert and economic expert); *Theriot v. Allstate Ins. Co.,* 625 So.2d 1337, 1343-44 (La.1993) (permitting award for loss of future earning capacity based upon testimony of doctors with no reference to rehabilitative or economic experts). Indeed, courts allow "[l]ay testimony[, which] simply serves to complement and corroborate medical evidence." *Bize v. Boyer,* 408 So.2d 1309, 1312 (La.1982). Any credibility determinations, such as "evaluating expert witness testimony, are for the trier of fact." *Sportsman Store of Lake Charles, Inc. v. Sonitrol Security Systems of Calcasieu, Inc*., 99-0201, p. 6 (La.10/19/99), 748 So.2d 417, 421.

The Court notes, in the first instance, that it must clarify a certain point of the Defendants' argument. The Defendants appear to incorrectly regard a claim for "future lost wages" as distinct from a claim for "earning capacity," and, based on their arguments as to each, conflate the elements of a claim for "future lost wages" with that of a claim for "past lost wages."[3] Louisiana courts use the terms "future lost wages" and loss or lost "earning capacity" interchangeably, and these terms refer to but one concept. *Bize v. Boyer*, 408 So. 2d 1309, 1311-

---

[3] *See Davis v. Foremost Dairies*, 45,835 (La. App. 2 Cir. 2/16/11), 58 So. 3d 977, 992 *writ denied*, 2011-0538 (La. 4/25/11), 62 So. 3d 98 and *writ denied*, 2011-0568 (La. 4/25/11), 62 So. 3d 97 (proof of past lost wages may be made with mathematical certainty while proof of loss of future wages may not).

12 (La. 1982) (referring to impaired earning capacity and "future loss of wages" interchangeably).

Turning to the substance of the Defendants' motion, the Defendants offer no case law supporting their position that the Plaintiff lacks sufficient evidence entitling her to the claim of loss of earning capacity. Defendants contend simply that Plaintiff "cannot support a future lost wage claim because there is no basis for establishing that Peaches Records actually pays Plaintiff." (Def. Mem. Supp. Mot. Summ. J. 4, R. Doc. 104). Defendants support their statement by suggesting that the Plaintiff's vocational rehabilitation counselor's opinion as to her loss of earning capacity is somehow incorrect, based on the testimony of Plaintiff's family members as to her working capacity. In addition, the Defendant merely points to the lack of evidence from Plaintiff's expert economist as to earning capacity and his inability to supplement the report to demonstrate the general lack of evidence supporting the claim. At bottom, Defendants argue, however, that the testimony of the Plaintiffs' vocational rehabilitation counselor does not support her claim because other lay witness testimony contradict certain of the counselor's factual assumptions.

Specifically, the Defendants state that "[w]ith respect to the earning capacity claim, Lee Rea and Shirani Rea testified that Plaintiff is working from around 11:00 or noon to about 8:00 p.m." With this information Defendant then states "[t]hus, she is not limited in [sic] based on Nancy Favaloro's opinion." (Def. Mem. 4) Ms. Favaloro's opinion in her report of November 2013 provided a sampling of jobs that Plaintiff could do if she were working 40 hours a week. Defendant states that "[h]er subsequent reports did not address the lost earning capacity" and refer to Exhibit 6 in globo. (Ex. 6, R. Doc. 104). However, the Court notes here that this statement is simply factually incorrect. Defendants' Exhibit 6 presents two letters supplementing

the report, the first letter written in December of 2013 upon review of Dr. George Cravens' deposition and letter, and the second written in July of 2014 upon review of Dr. Cravens' affidavit submitted in this matter.  The first letter states:

> My opinion has not changed as set forth in our report of November 20, 2013 regarding medical cost projections . . . or her loss of earnings. Ms. Rea has not yet been able to return to work on a full time basis and is continuing to work in her family business. It is my opinion that she could have enjoyed earnings such as those noted on Page 4 of our report given her education and work experience. / It is my opinion that she has experienced a loss of earnings.

Additionally, it appears that on January 8, 2014, Ms. Favaloro's updated addendum she states that "[i]f [the Plaintiff's] pain increased to the point where Dr. Cravens feels she cannot return to any work, then she would not have any earning capacity in the future." (Ex. H, R. Doc. 123).  It is clear that Ms. Favaloro did, quite literally, address loss of earning capacity.

As to the Defendants' first point, whether the Plaintiff received paychecks from her employer does not outright defeat her claim as Louisiana courts award loss of future wages for persons unemployed at the time of injury—even for injured children, *Williams v. City of Monroe*, 27,065 (La. App. 2d Cir. 7/3/95), 658 So.2d 820.  Furthermore, Defendants' argument generally invites the Court to engage in an analysis and weighing of evidence wholly inappropriate in a summary judgment review. Any substantive weighing of Ms. Favaloro's testimony, such as by discounting the testimony based on the testimony of Ms. Rea's family members, would be activity more properly before the jury, not the Court.  In presenting Ms. Favaloro's testimony, Defendant has only proved that Plaintiff will have some evidence relevant to her claim of earning capacity rather than the lack thereof.  Moreover, the lack of testimony from an expert economist does not render her claim for loss of earning capacity sufficient.  Establishing a claim for loss of earning capacity is rife with uncertainty and inherently speculative.  The above-

referenced Louisiana jurisprudence suggests that it may be possible for the plaintiff to recover merely with evidence from her vocational rehabilitation counselor and lay testimony corroborating her medical evidence, and Defendants offer no argument otherwise.

If any question remained as to whether the Plaintiff is entitled to pursue her claim for loss of earning capacity, the Plaintiff furnishes the Court with deposition testimony from the Plaintiff, deposition testimony from her family members and co-workers, Ms. Favaloro's report, and with letters and reports from physicians who examined the patient after the accident. While Plaintiff only discussed the medical evidence in an effort to correct the Defendants' statement of the facts, it is clear that Plaintiff nevertheless intends to show medical evidence establishing the nature of her alleged injury.

In sum, construing the evidence in the light most favorable to the Plaintiff, the Court finds that the Defendants' have not met their burden in establishing that no genuine issue of material fact exists as to the viability of Plaintiff's claim for loss of earning capacity.

Accordingly,

**IT IS ORDERED** that the Defendants' Motion for Partial Summary Judgment to Dismiss Plaintiff's Lost Wage Claims (R. Doc. 104) is **DENIED.**

New Orleans, Louisiana, this  8th   day of     October     , 2014.

_____
**STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE**