UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LILLIE REA<br>HILDA WRIATUNGA | CIVIL ACTION NO. 2:12-cv-01252 |
| VERSUS | JUDGE: STANWOOD R. DUVAL, JR. |
| WISCONSIN COACH LINES, INC. | MAGISTREATE: JUDGE DANIEL K. KNOWLES, III |
| | JURY TRIAL |

## MEMORANDUM IN SUPPORT OF PLAINTIFFS MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PLAINTIFF'S FINANCIAL STATUS, GIFTS, INHERITANCE, ETC.

**MAY IT PLEASE THE COURT:**

Plaintiff, Lillie Rea, moves for an order in limine to exclude any evidence, references to evidence, testimony, or argument relating to (1) Lillie Rea's income from the family business or lack thereof; (2) Gifts from her mother, Shirani Rea; (3) Lillie Rea's potential inheritance from her mother or any one else; (3) Gifts which Lillie Rea has or may receive from her mother, or any other person, including any gift she may have received from "Uncle Dennis." This evidence is irrelevant and unduly prejudicial.

Evidence of a party's financial condition is generally not relevant and can be unduly prejudicial, as it can distract the jury from the real issues in the case. See, e.g.,

*Utility Trailer Sales of Kansas City, Inc. v. MAC Trailer Mfg., Inc.,* 2010 WL 1946625 (D. Kan., May 14, 2010). Accordingly, the Court found that references to and evidence of Plaintiff's financial condition should be excluded.

Under the Federal Rules, evidence is relevant if: **(a)** it has any tendency to make a fact more or less probable than it would be without the evidence; and **(b)** the fact is of consequence in determining the action. Fed. Rule 401. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence". Fed. Rule 403.

In other words, "[t]he court in its discretion may exclude evidence if its probative value is substantially outweighed by the probability that its admission will … create substantial danger of undue prejudice, of confusion the issues, or of misleading the jury." One Court held that, "It is ... the general rule that in a wrongful death action evidence of the [heir's] wealth or poverty is inadmissible."[1] This rule is based on sound policy because such evidence has little logical relevancy, is highly prejudicial, and if admitted, would permit the defendant who wrongfully caused the death of another to fortuitously benefit and receive a windfall because of the plaintiff-heir's financial well-being.[2]

---

[1] *Webb v. Van Noort* (1966) 239 Cal.App.2d 472, 479; and see *McLaughlin v. United Railroads* (1915) 169 Cal. 494, 498.

[2] See *Fox v. Pacific Southwest Airlines* (1982) 133 Cal.App.3d 565, 572; *Cherrigan v.*

In the case of *Kadlec Med. Ctr. V. Lakeview Anesthesia Assocs.*, 2006 U.S. Dist. LEXIS 9930, plaintiff's motion *in limine* to exclude evidence of financial information was granted pursuant to Fed. R. Evid 401 as the financial information did not appear to have any legitimate purpose. Accordingly, the Court concluded that the evidence of the financial information should not be admitted.

In the instant case, Lillie's mother gives her things and provides for her. Uncle Denny, who is now deceased, left his "2012 Volvo" to Lillie in his will. Plaintiff anticipates that the defendant will attempt to paint her as a privileged young adult, who received gifts from her mother and other relatives. In this case, plaintiff's financial condition is absolutely irrelevant and inadmissible.

Perhaps defendants will argue that because plaintiff is making a claim for lost earnings capacity, evidence of gifts or possible future inheritance is relevant. There is nothing to support an argument that future loss earnings capacity could be based upon what gifts or inheritance one has or might receive.

## **CONCLUSION**

Gifts made to Lillie Rae, either before or after the accident, any discussion of any inheritance she may receive from her mother and any other person are not relevant to any issue in dispute. Evidence of this information may tend to create unfair prejudice in the jury. Plaintiff, Lillie Rae, therefore respectfully request that the Court grant this

---

*City etc. of San Francisco* (1968) 262 Cal.App.2d 643, 650-652; *Johnson v. Western Air Exp. Corp.* (1941) 45 Cal.App.2d 614, 622.

motion in limine and instruct defendants and defense counsel not to refer to, interrogate any witness concerning, comment on, or attempt to suggest to the jury in any way information about (1) Support with Lillie Rae's mother, Shirani Rea has or may provide to Lilly Rae; (2) Gifts given to Lillie Rae from income from the family business; (3) Any gifts or inheritance which Lillie Rae has or may received.  Therefore, this court should grant plaintiff's motion in limine to prohibit the defendant or any witness from testifying about any provisions, gifts or heritance which Lillie Rae has or may received.

    Respectfully submitted,

    */s/ Geri Broussard Baloney*
    GERI BROUSSARD BALONEY
    ABRIL BALONEY SUTHERLAND
    **BROUSSARD BALONEY LAW FIRM, APC**
    1903 WEST AIRLINE HIGHWAY
    NEW ORLEANS, LOUISIANA 70068
    (985) 224-8090 TELEPHONE
    (985) 224-8278 FACSIMILE

### **CERTIFICATE OF SERVICE**

  I hereby certify that the foregoing pleading has been delivered to all counsel of record, through the CM/ECF system, depositing a copy of same in the United States mail, first class mail, postage prepaid, by hand delivery or by facsimile transmission, this 2nd day of MARCH, 2015.

    */s/ Geri Broussard Baloney*
    GERI BROUSSARD BALONEY