UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**LILLIE REA AND**                                                          **CIVIL ACTION**
**HILDA WIRATUNGA**

**VERSUS**                                                                  **NO. 12-1252**

**WISCONSIN COACH LINES, INC.,**
**ET AL**                                                                   **SECTION "K"(3)**

## ORDER and REASONS

Before the Court are motions in limine regarding trial exhibits and testimony filed by Plaintiff, Lillie Rea. (R. Docs. 191-93). Defendants, Wisconsin Coach Lines, Inc., Larry Westphal, and Coach Leasing, Inc. (collectively "Defendants") filed oppositions in response. The Court has reviewed the motions, memoranda, exhibits, record, and relevant law, and makes the following rulings regarding each motion in limine.

**I.     Plaintiff's Motion in Limine to Exclude Evidence of Prior Medical Conditions, Defendants' Exhibit Number 9, 10, 11, 12, 13 and 14 (R. Doc. 191)**

Having reviewed each exhibit, the Court finds that the medical records in the Defendants exhibits are relevant and admissible evidence relating to the Plaintiff's physical injuries prior to the accident with one exception. *See* Fed. R. Evid. 402. The Court finds that Defendants' Exhibit 9, a medical record providing evidence of a heart murmur, has no relevance under Federal Rule of Evidence 402 to the instant matter and should be excluded.

**II.    Plaintiff's Motion in Limine to Completely Exclude the Testimony of Defendants Witness, Eugene Ott, or in the Alternative, Certain Topics of Testimony And Portions of the Deposition Testimony of Defendants' Witness, Eugene Ott (R. Doc. 192)**

The Court finds that, as a fact witness who observed the accident, Plaintiff has asserted no legal basis on which to exclude the entirety of Eugene Ott's testimony. Having reviewed the

deposition, the Court has excluded the following portions of the deposition as hearsay, speculation, or both and shall be redacted should the deposition be introduced:

a. 29:15-23

b. 32: 11 (beginning with "and…")-20

c. 33:22 (beginning with "and…")-34:8

d. 38:17 (beginning with "and…")-39:6

e. 53:11-18

f. 55:13-56:4

g. 64:2-10

These findings relate to the testimony that the Court found inadmissible. The parties may designate any other testimony in their respective discretion.

### III. Plaintiff's Motion in Limine to Completely Exclude the Testimony of Defendants Witness, Kathleen Ott, or in the Alternative, Certain Topics of Testimony And Portions of the Deposition Testimony of Defendants' Witness, Kathleen Ott (R. Doc. 193)

As above, the Court finds that, as a fact witness who observed the accident, Plaintiff has asserted no legal basis on which to exclude the entirety of Kathleen Ott's testimony. Having reviewed the deposition, the Court has excluded the following portions of the deposition as hearsay, speculation, or both, and shall be redacted should the deposition be introduced:

a. 20:3-8

b. 20:13-16

c. 22:7-17

d. 24:7-16

e. 24:24-25

   f. 25:1-13

   g. 30:10-25

   h. 31:1-13

These findings relate to the testimony that the Court found inadmissible. The parties may designate any other testimony in their respective discretion.

 Accordingly,

 **IT IS ORDERED** that:

  (1) Plaintiff's Motion in Limine to Exclude Evidence of Prior Medical Conditions, Defendants' Exhibit Number 9, 10, 11, 12, 13 and 14 **(R. Doc. 191)** is **GRANTED in part** and **DENIED in part**, subject to the limitations above;

  (2) Plaintiff's Motion in Limine to Completely Exclude the Testimony of Defendants Witness, Eugene Ott, or in the Alternative, Certain Topics of Testimony And Portions of the Deposition Testimony of Defendants' Witness, Eugene Ott **(R. Doc. 192)** is **GRANTED in part** and **DENIED in part,** subject to the limitations above; and

  (3) Plaintiff's Motion in Limine to Completely Exclude the Testimony of Defendants Witness, Kathleen Ott, or in the Alternative, Certain Topics of Testimony And Portions of the Deposition Testimony of Defendants' Witness, Kathleen Ott **(R. Doc. 193)** is **GRANTED in part** and **DENIED in part**, subject to the limitations above.

 New Orleans, Louisiana, this 5th day of March, 2015.

                  _____
                   **STANWOOD R. DUVAL, JR.**

**UNITED STATES DISTRICT JUDGE**